IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| FREDDIE JAMES FOREMAN | § | |
| VS. | § | CIVIL ACTION NO. 9:17-CV-190 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Freddie James Foreman, a prisoner currently confined at the Ellis Trusty Camp with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition for writ of habeas corpus be denied as barred by the applicable statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court finds petitioner's objections lacking in merit. Petitioner's first state writ and first federal writ did not toll the limitations period as outlined by the Magistrate Judge. *See, e.g. Wickware v. Thaler*, 404 F. App'x 856, 858 (5th Cir. 2010); *Duncan v. Walker*, 533 U.S. 167, 180 (2001). At the time Respondent filed her response on October 13, 2016 in the first federal habeas application, there were two-and-one-half months remaining on the limitations period. Respondent put petitioner on notice that the first federal petition did not toll the

limitations period.  *See* Response 6, n. 6.[1]  Petitioner should have immediately filed a new state habeas application in order to toll the limitations period.  Petitioner, however, waited until the first federal writ was dismissed to pursue a second state habeas application which was approximately four months past the deadline.  The second federal petition is untimely.

To be entitled to equitable tolling, petitioner must show: "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Confusion over deadlines does not warrant equitable tolling.  *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

Petitioner's mistakes were: filing a noncompliant state habeas application; not recognizing that the dismissal by the Court of Criminal Appeals would require the dismissal of his federal petition; then not immediately filing a second, state habeas application when he knew that the first, federal petition would be dismissed.  None of these mistakes can be traced to any state impediment.  Petitioner has not shown he was actively misled or prevented in some extraordinary way from asserting his rights.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).  Petitioner has not demonstrated any facts entitling him to equitable tolling.

Finally, petitioner also asserts an actual innocence claim in order to overcome the procedural bar pursuant to *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *McQuiggin v. Perkins*, 569 U.S. 383, 394-95 (2013).  To meet the actual innocence equitable exception to the limitations period, petitioner would have to present "new, reliable evidence" that was not presented at trial and must show that it was more likely that not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt.  *Schlup*, 513 U.S. at 326-27.  Petitioner does not claim there is new evidence establishing his innocence.  Rather, petitioner claims some of the old evidence should have been excluded at trial.  Petitioner has not demonstrated he is entitled to the actual innocence exception.

---

[1] Contrary to petitioner's argument, Respondent reserved the right to challenge the timeliness of the petition. *See* Response 4, n. 5.

ORDER

Accordingly, the petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A Final Judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that the issues of concern are subject to debate among jurists of reason or worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

So **ORDERED** and **SIGNED September 12, 2018.**

_____
Ron Clark, Senior District Judge